# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

———————

No. 23-30159

———————

Nakenia Johnson,

*Plaintiff—Appellant*,

*versus*

Iberia Medical Center Foundation,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CV-3769

———————————————————————

Before Southwick, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Nakenia Johnson, a black woman, worked at Iberia Medical Center Foundation ("IMC") from 2007 until her termination in 2021. Before being terminated, Johnson applied for but did not obtain a promotion to Medical-Surgical Manager in February 2021. Johnson claims that she did not receive this promotion because IMC's promotion interview panel was comprised solely of white women. Johnson complained about the panel to IMC staff

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30159

both verbally and through email. IMC fired Johnson three months after she complained, citing numerous written and verbal complaints about her work performance and negative personal interactions with other IMC employees stretching back to August 2019.

Johnson sued IMC for retaliation, racial discrimination, and failure-to-promote. The District Court dismissed all claims at summary judgment, finding that there was no genuine dispute of material fact that IMC's reasons for declining to promote and ultimately firing Johnson were legitimate, non-discriminatory, and non-pretextual. Johnson appealed.

Johnson failed to adequately brief her proffered points of error save those concerning her retaliation claim, so those other claims are abandoned. As to Johnson's retaliation claim, our review of the record confirms that there is no genuine dispute of material fact that IMC's reasons for terminating her were legitimate, non-retaliatory, and non-pretextual. We AFFIRM.

## I. Background

Johnson joined IMC in October 2007, and worked as a charge nurse there until her termination in June 2021. While there, Johnson received positive feedback regarding her work performance, but also many complaints concerning work performance and especially negative interpersonal interactions with other IMC employees. This case stems from an incident where Johnson applied for, but did not obtain, a position as an IMC Medical-Surgical Manager in February 2021. As part of this process, Johnson and the other candidate, Marie Delcambre (a white woman), submitted applications to and conducted interviews with a selection panel. Only white women served as panelists on this panel. The same panel met with each candidate separately, asked them the same set of questions, and then each panelist

No. 23-30159

individually scored the candidate's response to those questions. The panelists unanimously recommended, and IMC chose, Delcambre.[1]

Johnson verbally complained to chief nursing officer Sandy Morein that the panel was not diverse soon after learning that she did not obtain the position. She then emailed Morein on March 1, 2021, to voice the same complaint, insinuating that IMC's decision to hire Delcambre over her was motivated by race.

IMC terminated Johnson three months later on June 1, 2021, citing "repeated incidents of inappropriate and rude communications and behavior with regard to her fellow workers resulting in numerous complaints" as the reason for termination, then marked her as ineligible for rehire. Indeed, Johnson had over twenty written and verbal complaints filed against her for work performance issues and negative interpersonal interactions with other IMC employees stretching back to August 2019 at the time IMC terminated her. Johnson filed an EEOC complaint one week later. She then sued IMC after receiving her right to sue letter.

Johnson filed suit against IMC for denial-of-promotion, racial discrimination, and retaliation. IMC filed a motion for summary judgment after the completion of discovery, which the District Court granted in full. Johnson appealed after the District Court denied her subsequent motion to alter or amend judgment.

_____

[1] The record reveals that IMC chose Delcambre because, in its judgment, (1) Delcambre's managerial experience was superior; (2) Delcambre possessed better managerial temperament; (3) Delcambre performed better than Johnson during the peer interview process; and (4) the peer review panel unanimously recommended Delcambre for the Medical-Surgical Manager position and unanimously did not recommend Johnson.

No. 23-30159

## II. Discussion

### A. Johnson Abandoned All Arguments Save Those Concerning Her Retaliation Claim.

We first evaluate IMC's argument that Johnson abandoned and waived her arguments concerning (1) the applicability of 42 U.S.C. § 1981, (2) race discrimination, (3) failure to promote, and (4) evidentiary concerns regarding hearsay and authentication. IMC argues that Johnson's opening brief only raises the issue of retaliation under Title VII, so all other claims or arguments should be deemed abandoned and waived. "An appellant abandons all issues not raised and argued in its *initial* brief on appeal . . . [and a] party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (emphasis original) (collecting authority); *see also* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief *must* contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.") (emphasis added); *Roe v. Johnson Cnty.*, No. 21-10890, 2023 WL 117826, at *3 n.5 (5th Cir. Jan. 5, 2023) ("Roe's remaining arguments are inadequately briefed and thus abandoned.") (citing *Cinel*, 15 F.3d at 1345). We address IMC's points in turn.

*First*, IMC is correct that Johnson does not meaningfully address 42 U.S.C. § 1981's application to her claims in her opening brief; indeed, she only mentions the statute in passing on a single page. She thus abandons arguments relating to it because of inadequate briefing. *Cinel*, 15 F.3d at 1345 (5th Cir. 1994).[2]

---

[2] Further, the District Court was right to dismiss claims relating to this statute because IMC is a Louisiana political subdivision, La. R. S. § 46:1064, so Johnson's § 1981 claims against it fail regardless. *See, e.g.*, *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462–63 (5th Cir. 2001).

*Second*, IMC is correct that Johnson abandoned her race discrimination claims. Johnson makes this clear in her opening brief.[3] That, and a review of her brief, confirms that these lines of argument were abandoned. *Id. Third*, IMC is correct that Johnson fails to adequately brief her failure to promote claim on appeal. While Johnson states that this claim is one of two bases for her appeal, she devotes no argument to it. Instead, the brief only discusses the promotion process as it relates to her alleged protected activity of complaining about not being promoted. Arguments concerning her failure to promote claim are thus abandoned due to inadequate briefing. *Id.*; *see also L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (argument lacking citation to authority deemed abandoned).

*Fourth*, IMC is correct that Johnson fails to adequately brief her issues regarding the District Court's consideration of summary judgment evidence. All Johnson offers is a single paragraph of "argument" where she makes conclusory statements regarding alleged hearsay and personal knowledge issues contained within certain affidavits. She offers no analysis or caselaw at all, and in doing so abandons these issues. *Cinel*, 15 F.3d at 1345 (5th Cir. 1994); *see also Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 395 (5th Cir. 2020) ("Bradley has inadequately briefed the issue. Bradley devotes a single paragraph to his prosecution claims. . . . [He only offers] conclusory assertions devoid of any specifics [and fails to] cite any case law.").

---

[3] "In responding to [IMC]'s Motion for Summary Judgment, [Johnson] withdrew her claims of . . . race discrimination as to the 2020 denial of promotion to the Medical Surgical Manager position, her race discrimination claim regarding acts of Dr. O'Brien, [and] her claim of racial harassment . . . . [Johnson] recites only the parts of her argument in opposition to IMC's Motion for Summary Judgment as it relates to her showing of pretext on her Title VII failure to promote claim and her retaliatory discharge claim *as these two (2) claims are the basis of this appeal*." (emphasis added).

No. 23-30159

We now consider Johnson's remaining argument concerning her retaliation claim.

## B. Johnson's Retaliation Claim.

Our *de novo* review[4] confirms that the District Court properly dismissed Johnson's retaliation claim for her failure to demonstrate that IMC's legitimate, non-discriminatory reason for terminating her was pretextual. We review Title VII claims lacking direct evidence of discrimination[5] under the *McDonnell Douglas* framework. *Cardiel v. Apache Corp.*, 559 F. App'x 284, 288 (5th Cir. 2014). That framework applies as follows, starting with a requirement that the employee establish a *prima facie* case of retaliation:

> To establish a *prima facie* case of retaliation under . . . Title VII, a plaintiff must show that (1) she engaged in an activity protected by statute; (2) her employer took an adverse

---

[4] We review the District Court's grant of summary judgment on Johnson's retaliation claim *de novo*. *Mills v. Davis Oil Co.*, 11 F.3d 1298, 1301 (5th Cir. 1994). Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *Davidson v. Fairchild Controls Corporation*, 882 F.3d 180, 184 (5th Cir. 2018). When considering a motion for summary judgment, a court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (citing *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999)). Any unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient in defeating a motion for summary judgment. *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003).

[5] "Direct evidence is evidence which, if believed, proves the fact of intentional discrimination without inference or presumption." *Brown v. E. Mississippi Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993).

employment action against her;[6] and (3) a causal connection exists between the protected activity and the adverse action. If the employee establishes a *prima facie* case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation which the employee accomplishes by showing that the adverse action would not have occurred "but for" the employer's retaliatory motive. In order to avoid summary judgment, the plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity.

*Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (cleaned up). We address each contested element in turn.

### 1. Protected Activity.

IMC briefly mentions this issue, but tellingly does not devote more than a single, conclusory footnote to it and instead submits a brief that operates under the assumption that protected activity occurred. We assume *arguendo* that Johnson satisfies this element because, as discussed below, she nevertheless fails to present a genuine dispute of material fact that IMC presented legitimate, non-retaliatory, and non-pretextual reasons for terminating her.

### 2. Prima Facie Causality.

The parties dispute whether the three-month gap between Johnson's complaint concerning the hiring panel and her termination constitute *prima facie* causality for her Title VII claim. After a plaintiff establishes that she

---

[6] The parties do not dispute whether Johnson's termination constitutes an adverse employment action for the purposes of a Title VII claim.

engaged in protected activity, she must then show that "a causal connection exists between the protected activity and the adverse [employment] action." *Aguillard v. Louisiana Coll.*, 824 F. App'x 248, 251 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1079 (2021). Close timing between an employee's protected activity and an adverse employment action can be sufficient evidence of causality so long as the temporal proximity is "very close." *Id.*

Viewing the evidence in the light most favorable to Johnson, the three-month lapse of time between emailing Morein and her termination is sufficient to establish the causality element of her *prima facie* claim. *See, e.g.*, *Feist*, 730 F.3d at 454 (holding that "[w]hile a four-month gap may be sufficient evidence of causation, a five-month gap is too long absent other evidence").

### 3. Legitimate Non-Retaliatory Reasons for Termination.

The burden now shifts to IMC, which must now articulate a "legitimate, nonretaliatory reason" explaining its adverse employment action. *Feist*, 730 F.3d at 454. IMC's burden is "only one of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir.2007). To satisfy this burden, IMC "must articulate a nondiscriminatory reason with sufficient clarity to afford [Johnson] a realistic opportunity to show that the reason is pretextual." *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021) (quoting *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 231 (5th Cir. 2015)). It does so.

IMC carries its burden by submitting evidence that it terminated Johnson after receiving numerous internal complaints concerning both her work performance and negative interpersonal interactions with other IMC employees stretching back to August 2019—predating her application for a promotion. IMC thus carries its burden of production. *See, e.g.*, *Godfrey v.*

*Honeywell Int'l, Inc.*, 2022 WL 495040, at *8 (W.D. La. Feb. 17, 2022) ("[P]oor performance is a legitimate, non-discriminatory reason for termination.") (citing *Tregre*, 997 F.3d at 282); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 231 (5th Cir. 2015) ("We have repeatedly held that a charge of 'poor work performance' is adequate when coupled with specific examples.") (collecting authority).

### 4. Johnson Presents no Genuine Dispute of Material Fact that IMC's Proffered Reason for Termination was Pretextual

Since IMC proffered a legitimate, non-discriminatory reason for terminating Johnson (a multi-year history of complaints regarding poor performance and negative interpersonal interactions in this case), Johnson must establish that her protected activity constituted a "but for cause of the adverse employment decision" by showing that IMC's nondiscriminatory justification is merely pretextual. *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 1001–02 (5th Cir. 2022) (internal quotations omitted). She must do this by showing that the adverse action would not have occurred but for the employer's retaliatory motive. *Feist*, 730 F.3d at 452–54. Johnson must show "a conflict in *substantial* evidence" on the question of whether IMC would not have taken the adverse action "but for" the protected activity to avoid summary judgment. *Id.* at 454 (emphasis added) (quoting *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996). "This inquiry requires a greater showing than mere causal connection. It requires that the plaintiff show that protected conduct was the *reason* for the adverse action." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 834–35 (5th Cir. 2022) (emphasis added). "In other words, even if a plaintiff's protected conduct is a substantial element in a defendant's decision to terminate an employee, no liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct." *Id.*; *Wantou v.*

*Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 437 (5th Cir. 2022) (same). Johnson fails to make this showing.

Other than the three-month temporal proximity between Johnson's email complaining about the panel composition and her termination, no facts support a retaliatory motive by IMC. *See, e.g.*, *Myers v. Crestone Int'l, LLC*, 121 F. App'x 25, 28 (5th Cir. 2005) (summary judgment warranted where "[t]he only evidence of a connection between [plaintiff's] firing and her [protected] activity . . . is the timing[.]"). There is nothing to suggest that, but for Johnson's complaints regarding the panel, she would not have been terminated. On the contrary, the record reflects many complaints had been filed against Johnson for her performance and negative interpersonal interactions with other IMC employees, dating back years before she complained about the panel. Such a record fails to create a genuine dispute of material fact that Johnson would not have been terminated but for her engaging in protected conduct. *See Owens* at 834–35. That Johnson received some past acknowledgement of positive performance does not indicate that her complaining about the panel was the "but for cause" for her termination. *Saketkoo*, 31 F.4th at 1001–02. Johnson fails to demonstrate that IMC's proffered reason for termination was merely pretextual, which dooms her retaliation claim.

## III. Conclusion

Johnson's retaliation claim fails to present a genuine dispute of material fact that IMC's proffered reason for termination was merely pretextual, and her other claims fail due to abandonment and waiver. We AFFIRM the District Court's grant of summary judgment.